IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES F. SCHWAB,                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   No. 05 C 2866
                                  )
ERIC WORD and THE ASSOCIATION     )
FOR INDIVIDUAL DEVELOPMENT,       )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Schwab brought this action pro se. Although he is not alleging employment discrimination, plaintiff used this court's employment discrimination complaint form for his complaint. Named as defendants are the Association for Individual Development ("AID") and one of its officials, Eric Word. The central contention in the complaint is that plaintiff was denied the opportunity to be appointed the guardian or attorney in fact of his allegedly mentally ill sister. Liberally construing the pro se complaint, see Castro v. United States, 540 U.S. 375, 381-82 (2003); Jogi v. Voges, ___ F.3d ___, 2005 WL 2347846 *2 (7th Cir. Sept. 27, 2005), it was determined that plaintiff might have a viable claim that, based on plaintiff's

own disability and in violation of the Americans with Disabilities Act, defendants discriminatorily denied providing services for plaintiff himself. See 42 U.S.C. §§ 12181(7)(F); 12182. In other words, the complaint was construed as alleging that plaintiff went to AID in order to obtain assistance in being appointed his sister's guardian or attorney in fact and that defendants declined to assist plaintiff because of plaintiff's own disability. Plaintiff alleges he has a "physical handicap, mobility impairment, bad knees." Plaintiff was granted leave to proceed in forma pauperis.

Defendants answered the complaint. Both plaintiff and counsel for defendants appeared at the first status hearing in this case. At that hearing, a briefing schedule was set for a summary judgment motion. Defendants timely filed their motion for summary judgment, but, before plaintiff's answer to the motion was due, this court summarily denied the motion because it was not supported by the factual statement required by Local Rule 56.1 and the notice to a pro se party required by Local Rule 56.2 had not been provided.

Thereafter, defendants again moved for summary judgment. Defendants construed plaintiff's complaint as alleging employment discrimination and contended he could not succeed on this claim because he had not sought employment with AID. It was also asserted that appointment as a guardian could only be

accomplished through the Illinois Probate Act and that this court lacked jurisdiction to make such an appointment. As required by Local Rule 56.1(a)(3), defendants provided a statement of material fact. The statement of material fact, however, contained no references supporting any of the factual assertions contained therein. See id. No affidavit or other evidentiary support was submitted to support any of the affirmative factual assertions contained in the statement of material facts. In the statement of facts, it is asserted that plaintiff never applied for any position with defendants. There is no assertion that plaintiff did not seek services from AID. The notice required by Local Rule 56.2 was provided.

Prior to the presentment of the second motion for summary judgment, defendants moved to supplement their summary judgment motion with an affidavit. The affiant is AID's Division Director of Behavioral Health. She states, among other things, that:

> 3. There is no record of Charles Schwab having ever applied for employment with AID.
> 4. There is no record and no one is aware of Charles Schwab ever seeking services from AID.

If these facts are true, plaintiff has no viable discrimination claim.

On October 5, 2005, plaintiff and defendants' counsel appeared for presentation of the second motion for summary judgment. Plaintiff attempted to orally argue the motion and

merits of the case. Rather than require that plaintiff answer the motion for summary judgment and possibly run up against procedural impediments that he would either be unaware of or not understand, the court attempted to question plaintiff to determine if he had a viable claim. The court specifically asked plaintiff whether he had ever sought employment or services from AID. Plaintiff never responded in the affirmative. Plaintiff complained that an unspecified biker was taking advantage of his sister and putting her child at risk. Plaintiff volunteered that he was willing to be his sister's attorney in fact or guardian in order to protect his sister, her child, and her financial interests. Plaintiff insisted that Word was somehow interfering with his ability to do this, but never contended that he had sought Word's or AID's assistance in being appointed his sister's guardian. Plaintiff also complained that an unspecified woman was assisting or acting as a guardian of his sister and that she had some unspecified connection with AID.[1]

Plaintiff made clear at the October 5 hearing that his objective in this lawsuit is to be appointed the guardian or attorney in fact of his sister. His sister has not given him a power of attorney in fact. He also made clear that his prior

---

[1] Defendant's counsel denied that the sister is under any guardianship and also denied that AID has any ability to appoint a guardian. For present purposes, plaintiff's factual assertions are being accepted.

motions for appointment of counsel were intended to obtain an attorney to assist him in a guardianship proceeding, not directly for assistance in pursuing any federal discrimination claim.

A federal court is a court of limited jurisdiction. This court has jurisdiction to hear a complaint of discrimination that violates federal laws such as the Americans with Disabilities Act. To the extent this court has jurisdiction over an indigent litigant's viable claim with a sufficient chance of success and difficulty of being handled pro se, this court may also appoint counsel to represent the litigant in pursuit of that claim. See 28 U.S.C. § 1915(e)(1); Greeno v. Daley, 414 F.3d 645, 658 (7th Cir. 2005) (quoting Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.), cert. denied, 510 U.S. 963 (1993)) (inquiry regarding appointment of counsel is: "given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?"). Having granted plaintiff leave to proceed without paying the filing fee, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Also, the court may consider jurisdictional issues at any time prior to final judgment. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004).

At the October 5 hearing, plaintiff made clear that he is not claiming that he was discriminatorily denied services that he requested from AID or Word. Instead, plaintiff is simply attempting to be appointed the guardian of his sister who has not given him a power of attorney in fact. A federal court has no jurisdiction to make such an appointment. See <u>United States v. Maryans</u>, 803 F. Supp. 1378, 1379 (N.D. Ind. 1992). Therefore, this court lacks jurisdiction over the claim that plaintiff is attempting to pursue.

To the extent that plaintiff desires to be appointed the guardian of his sister, he must follow the procedures set forth in the Illinois Probate Act regarding appointing a guardian for an adult who is not fully able to manage her person or estate due to mental illness or a developmental disability. <u>See</u> 755 ILCS 5/11a-1 to 11a-23. That requires filing a petition, <u>see id.</u> 5/11a-8, in the state circuit court located in the county in which his sister resides, <u>id.</u> 5/11a-7. The state court has the authority to adjudicate the issue of appointment of a guardian. <u>See id.</u> 5/11a-3.

For the foregoing reasons, plaintiff's cause of action will be dismissed without prejudice for lack of subject matter jurisdiction. The motion for summary judgment will be denied as moot.

IT IS THEREFORE ORDERED that defendants' motions for summary judgment [18] and to add an affidavit [26] are denied without prejudice as moot. Plaintiff's cause of action is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action without prejudice for lack of subject matter jurisdiction. Each party shall bear its own costs. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 14, 2005